# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Marvin Aron Ramos Leiva | ) | Case No. 8:25-mj-1269-NHA |
| Emilio Ernesto Quesada Marroqin | ) | |
| Bidal Davila | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 3, 2025__ in the county of _____ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) | Conspiracy to Distribute Cocaine on a Vessel Subject to the Jurisdiction of the United States |

See Attachment

☑ Continued on the attached sheet.

*Complainant's signature*

Brooke N. Harville, Special Agent, HSI
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: February 11, 2025

*Judge's signature*

City and state: Tampa, FL    Hon. Natalie Hirt Adams, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brooke N. Harville, being duly sworn, depose, and state:

### Introduction and Agent Background

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (hereinafter "HSI"). I have been employed with HSI since May 2022. I possess a Bachelor of Science degree in Psychology with a minor in Spanish and a Master of Public Administration degree, from Florida State University. I am currently assigned to the Operation Panama Express Strike Force in Tampa, Florida. Operation Panama Express is a specialized federal task composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), HSI, the Coast Guard Investigative Service ("CGIS"), the United States Coast Guard ("USCG"), and the United States Attorney's Office of the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate drug trafficking organizations and transnational criminal organizations that use maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

2. Since July 2024, I have worked on many maritime counter-narcotic investigations with Operation Panama Express. Prior to working with the Operation Panama Express Strike Force, I was assigned to investigate matters involving the online exploitation of children, human trafficking and human smuggling from February 2023 through June of 2024 in Tampa, Florida.

## Statutory Authority

3. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about February 3, 2025, while aboard a vessel subject to the jurisdiction of the United States, the defendants, Marvin Aron RAMOS Leiva, Emilio Ernesto QUESADA Marroqin, and Bidal DAVILA, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

4. The averments contained in this affidavit are based on my personal knowledge and/or reliable information relayed to me by other law enforcement officers with whom I have worked on this investigation. However, because of the limited purpose of this affidavit, I have not included every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

## Probable Cause

5. The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 522 to make inquiries, examinations, inspections, searches, seizures, and

arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

6. On February 3, 2025, while on routine patrol in the Eastern Pacific Ocean, an air unit utilized by the United States Coast Guard detected a go-fast vessel (GFV), in international waters, approximately 204 nautical miles south of Mexico. Multiple packages, fuel barrels, and three persons were visible onboard the GFV. The GFV resembled vessels commonly used in narcotics smuggling. The USCG Cutter Waesche (WAE) diverted to intercept the GFV and deployed a law enforcement boarding team to investigate.

7. A USCG helicopter assisting in pursuit of the GFV fired warning shots after the GFV failed to yield. Those warning shots were effective in getting the GFV to stop. A USCG boarding team then established positive control of the GFV and conducted a right of visit boarding. Upon inquiry by the boarding team crew, a master was identified, however there was no indicia of nationality for the vessel and no claim of nationality was made for the vessel.

8. Consequently, in accordance with 46 U.S.C. §§ 70502(c)(1)(A) and 70502(d)(1)(B), the USCG treated the GFV as a vessel without nationality and therefore subject to the jurisdiction of the United States. The USCG boarding team proceeded to conduct a full law enforcement boarding of the GFV and tested suspected packages of contraband from the GFV. Boarding team members used two narcotic identification test kits (NIK) that indicated the positive presence of cocaine from packages retrieved from onboard the GFV. The boarding team identified the

following crewmembers on board the GFV: Marvin Aron RAMOS Leiva, Emilio Ernesto QUESADA Marroqin, and Bidal DAVILA.

9. Ultimately the boarding team gathered 39 bales, seizing approximately 1,570 kilograms (at-sea weight) of cocaine from the GFV, and detained the three crew members. The Coast Guard inspected all areas of the vessel, took pictures, and then sank the GFV as a hazard to navigation.

10. In my training and experience, the GFVs are consistent in style, size, and propulsion to other such vessels frequently used to transport cocaine across international waters in the Eastern Pacific Ocean.

## Conclusion

11. Based upon the foregoing information, I respectively submit that probable cause exists to believe that the following three defendants named herein, Marvin Aron RAMOS Leiva, Emilio Ernesto QUESADA Marroqin, and Bidal DAVILA, while aboard a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

_____
Brooke N. Harville
Special Agent
Homeland Security Investigations

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 41(d) before me this 11th day of February, 2025.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge

5